IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-583-FL

| | |
|---|---|
| TALECRIS PLASMA RESOURCES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>G&M CRANDALL FAMILY LIMITED )<br>PARTNERSHIP, GARY CRANDALL, and )<br>MARY DEBRA CRANDALL, )<br>)<br>Defendants. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This case comes before the court on the motion for a stay of proceedings (D.E. 17) filed by defendants G&M Crandall Family Limited Partnership ("Partnership"), Gary Crandall, and Mary Debra Crandall (collectively "defendants"). Plaintiff Talecris Plasma Resources, Inc. ("Talecris") opposes the motion and has filed a brief in opposition (D.E. 20). Defendants filed a reply brief (D.E. 23) and the matter is now ripe. The motion was referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the motion be denied.

## BACKGROUND

Talecris commenced this lawsuit on 25 November 2008 to recover against defendants on a guaranty agreement between Talecris and the Partnership ("Guaranty") (D.E. 1-5). (Compl. (D.E. 1) ¶¶ 24, 44-49). The individual defendants are allegedly the general partners of the Partnership. (*Id.* ¶ 3). The Guaranty guaranteed the payment to Talecris of the amounts owed it under an amended agreement ("Amended Agreement") Talecris entered into with Plasma Centers of America, LLC ("PCA"). (*Id.* ¶ 24; Guaranty Agreement § 2.1). In the Amended Agreement (D.E. 18-3), Talecris agreed to purchase plasma from PCA for several years and to provide financing for the

construction of a number of plasma collection centers to be built and operated by PCA. (*Id.* ¶¶ 11-15, 17-20; Amended Agreement).

PCA, which is not a party to this action, brought an action against Talecris in Wake County Superior Court on 23 January 2009 ("state court action"). (*See* State Compl. (D.E. 18-2)). In that action, PCA alleges that Talecris breached the Amended Agreement by wrongfully terminating it and violated other obligations owed PCA. (*Id.* ¶¶ 50-55 ).

In their motion, defendants request that the court stay this action pending resolution of the state court action and thereby abstain from the exercise of its jurisdiction. They contend that the issue of Talecris's liability on the Amended Agreement, as presented in the state court action, logically should be resolved before the issue of liability of defendants on the Guaranty, as presented in this case. In opposing the motion, Talecris agues that the circumstances required for abstention under applicable law do not exist here.

## DISCUSSION

Defendants' motion to stay is governed by the abstention doctrine enunciated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[1] This doctrine holds that abstention from the exercise of federal jurisdiction is appropriate only in very limited circumstances. *Id.*, 424 U.S. at 800, 813, 817-18 (1976). Indeed, under *Colorado River* a federal court should decline to exercise jurisdiction only in "'exceptional circumstances' . . . where

---

[1] *Colorado River* is applicable, as here, where monetary relief is sought. *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.*, No. SA-08-CV-0594-XR, 2008 WL 4326345, at *2 (W.D.Tex. 22 Sept. 2008) (citing *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250, 250-51 (5th Cir. 2005)). Where a federal suit is purely declaratory, the decision on abstention is governed by *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The court declines defendants' invitation to circumvent the requirements of *Colorado River* by analyzing abstention here under the court's inherent authority to control its own docket. *See Pioneer Capital Corp. v. Environamics Corp.*, No. Civ. 02-217-P-C, 2003 WL 345349, at *4-5 (D. Me. 14 Feb. 2003) (analyzing defendant's request for a stay under *Colorado River* instead of the court's inherent authority as defendant proposed).

2

denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quoting *Colorado River*, 424 U.S. at 813). The mere pendency of an action regarding the same matter in state court will not bar proceedings in federal court. *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006).

Application of the abstention doctrine under *Colorado River* is a two-step process. First, the court must determine whether there are parallel federal and state suits. *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005). If parallel suits exist, the court must determine whether the exceptional circumstances warranting abstention exist by balancing the following six nonexclusive factors: (1) whether either court may assume in rem jurisdiction over the property to the exclusion of others; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which each court obtained jurisdiction; (5) whether state law or federal law controls; and (6) the adequacy of the state court action to protect the parties' rights. *Chase Brexton*, 411 F.3d at 463-64. Some courts also apply a seventh factor, whether one suit was a "'contrived, defensive reaction to the other.'" *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)); *Poston v. John Bell Co., Inc.*, No. 5:07CV757, 2008 WL 4066254, at *8 (S.D. W. Va. 27 Aug. 2008). These factors are to be applied flexibly and in a pragmatic manner and do not serve as a mechanical checklist for the court. *Moses H. Cone*, 460 U.S. at 16, 21. Thus, the decision on a motion to stay "is largely committed to the discretion of the district court." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664 (1978). Nevertheless, "[i]n the final analysis, abstention is the exception, not the rule, and it may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties'" *Great*

3

*Am. Ins. Co.*, 468 F.3d at 208 (quoting *Moses H. Cone*, 460 U.S. at 28). The court turns now to application of the *Colorado River* doctrine to this case.

### A. Parallel Actions

As noted, whether the actions are parallel is the threshold matter to be determined. The Fourth Circuit has strictly construed this requirement. *Great Am. Ins. Co.*, 468 F.3d at 208. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). Mere factual overlap between the two actions does not automatically make the actions parallel, particularly where the remedies sought and legal theories asserted are different in each case. *Nat'l Textiles LLC v. Daugherty*, 250 F. Supp. 2d 575, 577-78 (M.D.N.C. 2003).

On facts similar to those presented here, *Nat'l Textiles LLC*, the court found the state court and federal court actions to be parallel. *Id.* at 578. There, in the Tennessee state court action, National Textiles, the federal court plaintiff, was being sued for breach of contract, intentional interference with business relations, and violations of the state consumer protection laws. *Id.* National Textiles asserted a counterclaim for breach of contract. *Id.* In the federal court action, National Textiles was suing the personal guarantor for breach of contract. *Id.* The guarantor was not named in the state court action and the other party to the contract was not a party in the federal court action, as here. *Id.* Nevertheless, the court found that the interests of the party to the contract and the guarantor were closely aligned and thus substantially the same. *Id.* The court also found the issues raised in both suits to be substantially the same since a determination that the signatory to the contract was liable would necessarily mean that the guarantor was liable. *Id.* The court accordingly found that the two actions were parallel proceedings. *Id.*; *see also Flanders Filters, Inc. v. Intel*

*Corp.*, 93 F. Supp. 2d 669, 672 (E.D.N.C. 2000) (court found state and federal court actions parallel where actions involved breach of same contract and warranty even though parties were not completely identical in both actions); *Great Am. Ins. Co. v. Stephens*, No. Civ. A. 04-3642, 2005 WL 452349, at *7 (E.D. Pa. 25 Feb. 2005) (state and federal court actions deemed parallel even where parties not identical where resolution of the state claims would dispose of federal court claims); *IPS Card Solutions, Inc. v. Boyd*, No. 00CIV776, 2000 WL 620213, at *3-4 (S.D.N.Y. 12 May 2000) (court deemed actions parallel where both actions tested the enforceability of a guaranty agreement even where the party to the contract was not a party in the federal action).

For comparable reasons, the court finds that the parties and issues in this action and the state court action have the requisite similarity. Although PCA is not a party in this case, its interests appear to be aligned with those of defendants in this action. Similarly, although defendants are not parties in the state court action, their interests appear to be aligned with those of PCA in the state court action. Therefore, while the parties in the two cases are not identical, they are substantially the same.

Likewise, both cases focus on whether PCA breached its obligations under the Amended Agreement. If a breach is not found, this action is moot. If a breach is found, the additional issue is presented in this case whether defendants are liable to Talecris under the Guaranty. Therefore, as with the parties, while not all the issues in both cases are identical, they are substantially the same. The court concludes that this case and the state court action should be deemed parallel proceedings for purposes of the *Colorado River* analysis.

5

## B. Exceptional Circumstances

Having concluded that the actions should be considered parallel, the court now turns to the *Colorado River* list of non-exclusive factors to determine whether exceptional circumstances exist to warrant allowing the stay sought by defendants.

### 1. Jurisdiction over Property at Issue

The parties agree that this factor is not applicable to the instant action since neither action involves the rights of any party to particular property. As such, this factor counsels against abstention given the presumption in favor of the exercise of jurisdiction.[2] *See Gannett Co., Inc. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 747, 748 n.10 (4th Cir. 2002); *Nat'l Textiles*, 250 F. Supp. 2d at 579.

### 2. Inconvenience of Federal Forum

Both the state court action and federal court action are pending in Raleigh, North Carolina. Accordingly, this is also a factor which counsels against abstention. *See Gannett*, 286 F.3d at 748 n.10.

### 3. Avoidance of Piecemeal Litigation

"'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" *Nat'l Textiles*, 250 F. Supp. 2d at 579 (quoting *Gannett*, 286 F.3d at 744) (internal quotations omitted). However, the "mere potential for conflict in the result of adjudications, does not, without more, warrant staying exercise of federal

---

[2] Defendants argue that inapplicable factors should simply be left out of the analysis and not accorded any weight either for or against abstention. While, as indicated, the court does not share this view, the outcome on defendants' motion would be the same even if the inapplicable factors were ignored because the factors that are applicable do not establish that the exceptional circumstances warranting abstention are present here.

6

jurisdiction." *Chase Brexton Health Servs. v. Md.*, 411 F.3d 457, 465-66 (4th Cir. 2005). "'[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill suited for resolution in duplicate forums.'" *Nat'l Textiles*, 250 F. Supp. 2d at 579 (quoting *Gannett*, 286 F.3d at 744). Avoidance of piecemeal litigation has been recognized as the most important of the *Colorado River* factors. *Poston*, 2008 WL 4066254, at *6.

Here, the parties agree that resolution of the state court action in PCA's favor would render this action moot. However, defendants have not identified any compelling reasons why the duplicative nature of the two proceedings would prove to be so exceptionally problematic to warrant abstention. Accordingly, this factor also weighs against abstention. *Nat'l Textiles*, 250 F. Supp. 2d at 579-80 ("[Defendant] has not alleged that retention of jurisdiction would create inefficiencies beyond those already present in parallel litigation. Nor has [defendant] shown that there is anything in this litigation that would make duplicative proceedings exceptionally problematic. Both actions involve allegations of breach of contract. Nothing about these claims, however, appears to make their resolution so difficult as to preclude the claims from being resolved in parallel proceedings. Accordingly, because the threat of piecemeal litigation is not extraordinarily present, this factor weighs in favor of the court exercising its jurisdiction.").

### 4. Order of Obtaining Jurisdiction

This action was filed about two months before the state court action. Defendants nevertheless argue that the state court action will proceed through discovery more quickly because a set of 15 interrogatories and 15 requests for production of documents was served with the complaint. However, viewed in the context of the likely duration of the litigation in both cases, the

7

difference in timing is not significant. Defendants have not shown that the state court action is at a materially more advanced stage than this case. This factor therefore weighs against abstention. *See Poston,* 2008 WL 4066254, at *5 ("[A]t the time Defendants filed this motion, the state court action had not advanced much further than this case and there is no additional evidence in the record to suggest that it has gone any further. As such, this factor does not weigh in favor of abstention.").

### 5. Implication of Federal Law

Neither party contends that issues of federal law are implicated in this action or the state court action. Accordingly, this factor also counsels against abstention. *Poston,* 2008 WL 4066254, at *7 ("Simply put, even if a federal question is not implicated, this factor still weighs against abstention unless there is presence of "rare circumstances" typically not found in a breach of contract action.").

### 6. Adequacy of State Court Proceedings

The adequacy of state court proceedings to protect the parties' rights only rarely justifies *Colorado River* abstention. *Nat'l Textiles,* 250 F. Supp. 2d at 581 (citing *Moses H. Cone,* 460 U.S. at 26). It typically does so when there is an important federal right at stake and the state forum is inadequate to protect the federal right. *Id.* Therefore, when the state court is adequate, this factor carries little weight. *See id.* (citing *Ryan v. Johnson,* 115 F.3d 193, 200 (3d Cir.1997) and *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986)).

Here, as indicated, defendants are not parties to the state court action. However, their interests appear to be adequately protected by PCA in the state court action. Talecris, plaintiff in this case, is also, of course, a party to the state court action, as the defendant. Thus, the state court proceedings are adequate to protect the parties' rights, but this factor carries little weight.

### 7. Contrivance of One of the Cases

As indicated, some courts have also considered whether one suit was a contrived reaction to the other. *McLaughlin*, 955 F.2d at 935. If the court finds bad faith by one party or evidence that one action was filed in order to sidestep the other's jurisdiction, a stay may be appropriate to deter such use of the courts. *Poston*, 2008 WL 4066254, at *8.

The record does not show that either case was contrived, neither this action as a preemptive one in anticipation of the state court action nor the state court action as a defensive one in reaction to this case. Rather, both cases appear at this point to be legitimate attempts by the respective plaintiffs to pursue their interests in the manner they deem most advantageous for them. The court notes specifically that, as Talecris contends, the Guaranty appears to give it the right to sue defendants without first suing PCA and without including PCA in the suit against defendants. (*See* Guaranty § 2.1). Furthermore, if the court had found the state court action to be contrived, that finding would certainly not have supported abstention. For this and the other reasons stated, this final factor also weighs against abstention.

### 8. Balancing of Factors

The foregoing review of the *Colorado River* factors shows that only one—adequacy of the state proceedings—weighs in favor of abstention. However, as discussed, given the absence of a significant federal right at issue, this factor carries little weight. The court has considered whether there are considerations other than the *Colorado River* factors that warrant abstention, but identifies none. Exceptional circumstances simply do not exist that would justify this court's abstaining from its "virtually unflagging obligation" to exercise the jurisdiction it has over this case. *Colorado River*, 424 U.S. at 817. Defendants' motion should accordingly be denied.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that defendants' motion to stay (D.E. 17) be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 27th day of July, 2009.

James E. Gates
United States Magistrate Judge