IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-583-FL

| | |
|---|---|
| TALECRIS PLASMA RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> G&M CRANDALL FAMILY LIMITED PARTNERSHIP, GARY CRANDALL, and MARY DEBRA CRANDALL, <br><br> Defendants. | ORDER |

This matter comes before the court on motion to stay (DE #17) of defendants G&M Crandall Family Limited Partnership, Gary Crandall, and Mary Debra Crandall, with benefit of memorandum and recommendation (M&R) from United States Magistrate Judge James E. Gates. Defendants filed said motion and accompanying memorandum on January 23, 2009. Plaintiff Talecris Plasma Resources, Inc., responded in opposition to defendants' motion on February 17, 2009. Defendants filed reply on March 20, 2009. Magistrate Judge Gates entered M&R recommending the court deny defendants' motion on July 27, 2009. No objections to the M&R have been filed, and the time within which to make any objection has expired. As such, this matter is ripe for ruling.

After thorough review of the issues raised in parties' briefs, the court concurs with and adopts the M&R. As did the magistrate judge, the court finds defendants' motion to stay is governed by the

abstention doctrine set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).[1] Defendants argue that a court may stay litigation even where the Colorado River factors do not weigh strongly in favor of abstention, on the rationale that staying a case is not as severe as dismissing it. Such a position in untenable in light of Gannett Co., Inc. v. Clark Construction Group, Inc., 286 F.3d 737 (4th Cir. 2002). In that matter, the district court initially found the Colorado River factors did not justify dismissing the case, but stayed the case as an alternative remedy. The Fourth Circuit reversed the district court's judgment staying the case, and did so by applying the Colorado River factors. Accordingly, the court finds Colorado River governs abstention even when the remedy requested by the movant is a stay rather than dismissal. The District Court for the Middle District of North Carolina reached the same conclusion in a case decided the year after the Gannett decision. See National Textiles, LLC v. Daugherty, 250 F. Supp. 2d 575, 577 (M.D.N.C. 2003).

The court also finds, as did the magistrate judge, that defendants have met the threshold test of showing that the state and federal actions are parallel here. Nevertheless, "even when a federal action is parallel to a state action, only 'exceptional circumstances' justify a federal court in avoiding its virtually unflagging obligation to exercise the jurisdiction given it." Gannett, 250 F.3d at 744; see also McLaughlin v. United Virginia Bank, 955 F.2d 930, 934 (4th Cir. 1992) (stating that the court's task "is not to find some substantial reason for the exercise of jurisdiction . . . ; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction.")

---

[1] The magistrate judge adeptly recounts the Colorado River abstention doctrine, including the factors to be considered by the court, on pages 2-4 of the M&R. Accordingly, the court does not restate those factors here.

For the same reasons that were thoroughly articulated by the magistrate judge in the M&R, the court finds that the requisite exceptional circumstances are not present in this case. Although defendants contend that refraining from abstention may lead to piecemeal litigation, the Fourth Circuit has held that "for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." Gannett, 286 F.3d at 744. Such a showing has not been made by defendants, and the court finds no basis in the law and facts presented to make such a finding. Similarly, although defendants argue that only state law is implicated and that state court proceedings would adequately protect the parties' rights, the Fourth Circuit has noted these factors rarely are determinative in justifying abstention, essentially only where "retention of jurisdiction would create 'needless friction' with important state parties." Id. at 746.[2] As the magistrate judge explained, that is not the case here. Finally, this court finds, as did the magistrate judge, that the fact that a set of 15 interrogatories and 15 requests for production of documents were served with the state court complaint does not amount to a showing that significantly more progress has been made in the case pending in state court.

Accordingly, the court ADOPTS the M&R and defendants' motion to stay (DE #17) is DENIED.

SO ORDERED, this the 31st day of August, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Indeed, these factors "typically are designed to justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right." Gannet 286 F.3d at 746. In other words, these factors would come into play when other Colorado River factors would favor abstention, but one or both of these factors would present an overriding interest in favor of retention. That is not the case before the court, as the other Colorado River factors do not weigh in favor of abstention.

3